TAYLOR, Judge.
On October 28, 1982, appellant Leroy Blake was ordered transferred from the juvenile court to the circuit court to be tried for robbery as an adult. In circuit court, the charge was reduced to robbery in the second degree and a guilty plea was entered on July 7, 1983. The court sentenced appellant under the split sentence provisions to one year in prison and one year on probation. The court did not order that appellant be credited with time already served in jail awaiting disposition of his case.
The sole issue presented by appellant is whether the court should have ordered that he be given credit for the time he was incarcerated before sentence. This question must be answered in the affirmative.
Section 15-18-5, Code of Alabama 1975, provides that:
“Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the board of corrections.” (emphasis added)
The state contends that this court cannot review the appellant’s claim to time served, when neither the transcript nor the brief gives any proof that there was any time served, and that the appellant cannot raise this issue on appeal if he did not raise the issue at the time of sentencing.
*949 We do not find any leeway in the language of the statute, which we are obliged to apply. This order is just another thing that a trial judge must do at sentencing.
Accordingly, this ease is remanded for the sole purpose of compliance with Ala. Code § 15-18-5 (1975).
REMANDED WITH DIRECTIONS.
TYSON, HARRIS and HUBERT TAYLOR, JJ., concur;
BOWEN, P.J., dissents with opinion.