462 So.2d 949 (1984)
Ex parte State of Alabama
(In re Leroy BLAKE v. STATE of Alabama).
83-963.
Supreme Court of Alabama.
August 31, 1984.
Charles A. Graddick, Atty. Gen., and James B. Prude, Asst. Atty. Gen., for petitioner.
Thomas M. Goggans of Goggans & McInnish, Montgomery, for respondent.
Prior report: 462 So.2d 948.
PER CURIAM.
This cause is remanded to the Court of Criminal Appeals for an order remanding the cause to the Montgomery Circuit Court with instructions for that court to determine the incarceration time, if any, served by the Defendant incident to the instant criminal offense prior to his conviction and sentence, and to correct the sentence previously pronounced accordingly, if so indicated by such determination.
REMANDED TO THE COURT OF CRIMINAL APPEALS.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
I agree that the writ should be denied. I was almost persuaded by the reasoning set forth by Judge Bowen that the burden is on an appellant to show from the record that prejudicial error was committed by the trial court; however, I assume that the defendant will be able to show, on remand, *950 that he did actually serve some time which was not credited. The fact that I have to make this assumption almost compels me to dissent, but I have to agree that a person should not serve more time in prison than the law requires. Procedurally, if the clerk failed to make the certification as the law required, the defendant should have raised the point at that time, but his failure to do so in a matter as grave as serving more time than the law requires should not be fatal. Consequently, I agree with the judgment which remands the cause to the trial court to allow the defendant to show, if he can, that he was not given credit for time served.
On remand, Ala.Cr.App., 462 So.2d 950.