JAMES H. FAULKNER, Retired Justice.
This is an appeal from an adjudication of delinquency in the Lee County Juvenile Court.
On November 29, 1990, S.F.R. was charged as being delinquent for an assault in the first degree. A hearing was held on January 17, 1991, and S.F.R. was adjudicated a delinquent. On January 18, after a hearing, the trial judge found S.F.R. to be a “serious juvenile offender,” and sentenced him to the custody of the Department of Youth Services. A motion for new trial on February 17 and an extraordinary motion for new trial on March 6 were denied on March 11.
In finding S.F.R. to be a serious juvenile offender,[1] the trial judge stated in the record:
“The record will show clearly in this case that this young person was charged with the violation of Title 13A-6-209, assault in the first degree by means of a deadly weapon or a dangerous instrument, to-wit: a pistol. The record will clearly indicate also that the victim in this case (as evidenced by medical testimony and otherwise) was shot twice [by the appellant], once with a shotgun and once with a pistol, and was fortunate to survive the incident with his life after many hours in the hospital and several operations but clearly sustained serious physical injuries as defined in Title 13A-l-2(8); in addition, a felony was committed, i.e., a Class B felony in this case with the use of a deadly weapon or a dangerous instrument as defined in Section 13A-1-2(11). Therefore, as the record is clear in such a case and as the assault on this victim was clearly vicious and at close range by more than one person, it was in the considered opinion of the undersigned Judge and the prosecution in this case that individuals participating in this type of willful and wanton conduct with serious injuries to others by use of dangerous weapons should be adjudged serious juvenile offenders pursuant to Title 12-15-71.1.”
S.F.R. presents the following issues for review: 1) whether the evidence was suffi *1005 cient to uphold an adjudication of delinquency where S.F.R. was charged in the petition with first degree assault under § 13A-6-20, Code of Alabama 1975; 2) whether S.F.R. was properly adjudicated a serious juvenile offender; 3) whether S.F.R. was denied credit for time served; and 4) whether S.F.R.’s extraordinary motion for new trial was properly denied by the trial court.
I
As to the first issue, § 13A-6-20, Code of Alabama 1975, defines assault in the first degree as follows:
“(a) A person commits the crime of assault in the first degree if:
“(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument; or
“(2) With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such an injury to any person; or
“(3) Under circumstances manifesting extreme indifference to the value of human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to any person;. ...”
A serious physical injury is defined as one which creates a substantial risk of death or which causes serious and protracted disfigurement. § 13A-l-2(9), Code of Alabama 1975. A deadly weapon is defined as a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious physical injury. § 13A-1-2(11), Code of Alabama.
Applying these statutory definitions to the facts of the case and the findings of the trial court, we hold that there was no error by the trial court when S.F.R. was adjudicated a delinquent.
II
The findings of the trial court set out above clearly and succinctly state that S.F.R. was correctly determined to be a “serious juvenile offender” under Title 12-15-71.1, Code of Alabama. We hold that no error was committed by the trial court in so determining.
III
The trial court sentenced S.F.R. to the custody of the Department of Youth Services as a serious juvenile offender. He contends on appeal, although he did not raise the issue below, that he should be given credit for all time spent in detention pending adjudication of the charges against him. He cites § 15-18-5, Code of Alabama 1975. He argues that this section should be applicable to him—not that it is applicable to him. Section 15-18-5 has been held to mandate a remand to the trial court to determine “credit time” even though the issue was not raised in the trial court. Blake v. State, 462 So.2d 949 (Ala.1984).
It is our opinion that § 15-18-5 has no application in this case. We opine that that section applies only to adult offenders who have spent time in jail before being sentenced for conviction of a felony or misdemeanor committed as an adult. We hold that § 12-15-71.1(b), Code of Alabama controls this case. That section provides:
“A child found to be a serious juvenile offender shall be committed to the custody of the Department of Youth Services, where he shall remain for a minimum of one year."
Our opinion is enhanced by the fact that § 12-15-71.1, which is a codification of Act No. 90-674, Ala.Acts 1990, became effective June 30, 1990, as a part of the Alabama Juvenile Justice Act. It is our opinion that § 12-15-71.1, and not § 15-18-5, applies to juvenile offenders.
Under § 12-15-71.1(b), S.F.R. is not entitled to any credit for time spent in detention. This section mandates that he remain in custody of the Department of Youth Services for a minimum of one year.
*1006 IV
The trial court properly denied S.F.R.’s extraordinary motion for new trial. He was sentenced on January 18, 1991. The motion was filed on March 6. The trial court denied the motion on March 11. A motion for new trial must be filed no later than 30 days after sentence is pronounced. Rule 13(a)(2), Ala.R.Cr.P.Temp.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by JAMES H. FAULKNER, a retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
AFFIRMED.
All the Judges concur.

. S.F.R. shot Edward Whitlow because Whitlow was walking through the housing project that S.F.R. lived in. S.F.R. told Whitlow, “We done told you about coming this pass right there." S.F.R. fired the first shot which hit Whitlow’s arm, the second shot was fired by the appellant or one of his co-conspirators and struck Whit-low’s hand. As Whitlow was running away, he was shot a third time in the leg.