PATTERSON, Judge.
The appellant, Paul Henry, appeals from the circuit court’s denial of his petition for a writ of habeas corpus in which he claimed that he has not received the correct jail time credit against the three 15-year split sentences that he is serving in their entirety pursuant to the revocation of the 5-year probationary portions of those sentences. More specifically, he alleged in his petition that he has not been given correct credit for the time that he was incarcerated before his trial; for the time that he served pursuant to the two-year incarceration portions of his split sentences; and for the time that he was incarcerated pending revocation of the probationary portions of his sentences.
The circuit court found that Henry alleged in his petition that “he is entitled to good time credit while in prison under the Split Sentence Act [Ala.Code 1975, § 15-18-8].” The court disposed of Henry’s petition by holding that “under the Split Sentence Act ... an inmate is not entitled to good time credit since the sentence is conditioned upon probation thereafter.” Although Henry did refer to § 15 — 18—8(g) in his petition, he clearly asserted that he should receive credit for time already served. Moreover, the state responded to the petition by an affidavit of the assistant director of Alabama Department of Correctional Records, detailing the credits against Henry’s three sentences.
Because the circuit court did not address the merits of Henry’s petition, but specifically addressed a particular point not asserted by Henry, we find that the best course of action is for this case to be remanded to the circuit court for that court to consider the particular question presented and to make specific findings of fact in regard to Henry’s specific allegations and factual assertions. The circuit court is to take all action necessary to see that the circuit clerk makes due *547 return to this court at the earliest possible time and 'within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.

 Editor’s Note: On April 14, 1995, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 16, 1995, it denied rehearing.