The appellant, Marcellus Breach, an inmate at Limestone correctional facility in Limestone County, appeals from the Limestone County Circuit Court's dismissal of his petition for a writ of habeas corpus in which he claims that although he is entitled to 375 days credit against his prison sentence for escape in the third degree (CC-93-1217), the Department of Corrections has erroneously calculated that credit as 270 days.
The Circuit Court of Limestone County dismissed the appellant's petition, stating as its ground for doing so that jurisdiction over matters concerning an alleged error in calculating the appellant's jail time credit is with the Circuit Court of Madison County, where the appellant was convicted.
"A petition for writ of habeas corpus is a proper procedure to test whether the State has properly calculated the amount of time the inmate must serve in prison." Mead v. State,475 So.2d 645 (Ala.Cr.App. 1985). See Hardy v. State, 534 So.2d 328
(Ala.Cr.App. 1986); Boutwell v. State, 488 So.2d 33
(Ala.Cr.App. 1986). Where a person is confined in the penitentiary, the petition for a writ of habeas corpus "must be addressed to the nearest circuit court judge." § 15-21-6, Ala. Code 1975. Accordingly, the Limestone County Circuit Court had jurisdiction to consider the appellant's allegations concerning the calculation of his jail time credit. See Henryv. State, 666 So.2d 546 (Ala.Cr.App. 1994); Swicegood v. State,646 So.2d 158 (Ala.Cr.App. 1993); Capers v. State,646 So.2d 688 (Ala.Cr.App. 1993). But see Swicegood v. State,646 So.2d 159 (Ala.Cr.App. 1994). *Page 1258 
In its response and motion to dismiss the appellant's petition, the state merely asserted that "[t]he Petitioner has filed an identical claim in the Circuit Court of Montgomery County, Alabama." (C. 31.) Clearly, this response does not answer the substance of the appellant's allegation that his jail time credit has been incorrectly calculated.[1]
Because the Circuit Court of Limestone County has jurisdiction to address the claim in the appellant's petition and because the state did not attempt to refute the facts alleged by the appellant, the circuit court erred by dismissing the petition without an evidentiary hearing. Therefore, this cause is remanded to the circuit court with directions that a hearing be held on the appellant's petition. A return to remand shall be filed with this court within 21 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
All Judges concur.
[1] We acknowledge that the appellant's petition is not a model of clarity.
* Note from the Reporter of Decisions: On November 22, 1996, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.