COBB, Judge.
On February 9, 1996, David Dale Adcock, Jr., a minor who had been transferred to the circuit court to stand trial as an adult, pleaded guilty in the Etowah Circuit Court to one count of manslaughter. He was sentenced to 10 years’ imprisonment. Adcock was incarcerated at Limestone Correctional Facility. On January 2, 1997, Adcock filed a petition for a writ of habeas corpus, seeking to have the Limestone Circuit Court order that he receive credit for 417 days of pretrial incarceration at the Coosa Valley Youth Services Detention Center. The Department of Corrections filed a motion to transfer Adcock’s petition to Etowah County, citing Rule 32.1(a) Ala. R. Crim. P., and stating that a Rule 32 petition was the proper vehicle for the relief Adcock sought. The Limestone Circuit Court, apparently relying on Rule 32.1(a), Ala. R. Crim. P., transferred Ad-cock’s petition to the Etowah Circuit Court on February 25, 1997, where it was immediately dismissed without prejudice. Adcock was given 30 days to file the matter in Eto-wah County under the procedure and in the form mandated by Rule 32. On May 15, 1997, seeking the same relief, Adcock filed a Rule 32 petition in Etowah County. On June 16, 1997, Adcock’s Rule 32 petition was dismissed on the grounds that it was not the proper vehicle for the relief sought by Ad-cock. Adcock appeals from the Etowah Circuit Court’s dismissal of his Rule 32 petition.
Adcock argues that his original petition for a writ of habeas corpus in the Limestone *940 Circuit Court was the proper method for determining this credit for pretrial incarceration. He argues that the transfer of his petition to Etowah County and its subsequent treatment as a Rule 32 petition were improper. We agree.
“It is well established that a petition for writ of habeas corpus is the proper procedure to determine whether the appellant has been credited with the correct amount of actual time spent incarcerated pending trial for the offense for which he was eventually sentenced.” Taunton v. State, 562 So.2d 614, 614 (Ala.Cr.App.1989), cert. quashed, 562 So.2d 615 (Ala.1990). “Where a person is confined in the penitentiary, the petition for a writ of habeas corpus ‘must be addressed to the nearest circuit court judge.’ § 15-21-6, Ala.Code 1975.” Breach v. State, 687 So.2d 1257 (Ala.Cr.App.1996). Because the petition was a petition for a writ of habeas corpus, the Limestone Circuit Court had jurisdiction to consider Adcock’s allegations concerning the calculation of his credit for time spent incarcerated pending trial. See Henry v. State, 666 So.2d 546 (Ala.Cr.App.1994); Swicegood v. State, 646 So.2d 158 (Ala.Cr.App.1993).
It appears that Adcock’s argument— that he is entitled to credit for any time spent incarcerated in a youth detention facility while awaiting trial — is meritorious. Section 15-18-5, Ala.Code 1975, provides:
“Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk on forms to be prescribed by the Board of Corrections.”
The facts in this case appear to present a case of first impression in Alabama: whether a minor, transferred to stand trial as an adult, is entitled to credit on prison time for the time spent in the youth detention facility. Adcock was a minor when the crime was committed and most of his pretrial incarceration was in a youth detention facility. Had Adcock not been transferred to stand trial as an adult, he clearly would not be entitled to credit for the time spent in the youth detention facility. The Alabama Supreme Court, in S.F.R. v. State, 598 So.2d 1003 (Ala.Cr.App.1991), held that a juvenile who had been adjudicated delinquent on charges of first-degree assault was not entitled to credit for time served in a youth detention facility pending his adjudication. S.F.R. held that § 15-18-5, Ala.Code 1975, was applicable to “adults only.” 598 So.2d at 1005. (Emphasis original.)
Other jurisdictions have held that statutes similar to § 15-18-5 allow juveniles who are tried as adults to be credited for time spent in a youth detention facility while awaiting trial. See, State v. James, 106 Ohio App.3d 686, 666 N.E.2d 1185 (1995) (holding that a juvenile convicted as an adult was entitled to credit for pretrial detention in a youth facility where the applicable statute required authorities to reduce a prisoner’s sentence by “the total number of days the prisoner was confined for any reason”); People v. Thomas, 58 Mich.App. 9, 226 N.W.2d 734 (1975) (holding that a youth detention facility was a “jail” for purposes of statute requiring credit for time served in jail while awaiting trial).
In order to determine whether § 15-18-5 should apply to juveniles who are transferred to circuit court to be tried as adults, we look to the definitions of certain significant words contained in the statute. Black’s Law Dictionary 760 (6th ed.1991) defines “incarceration” as “[[Imprisonment” or “confinement in a jail or penitentiary.” “Confinement” is defined as the act of “being confined; shut in; imprisoned; detention in penal institution.” Id. at 298. “Detention” is defined as “[t]he act of keeping back, restraining or withholding, a person or thing.” Id. at 450. In light of the above, we hold that “incarceration,” for purposes of § 15-18-5, Ala.Code 1975, as it is applied in these eases where a juvenile is transferred to criminal court to be tried as an adult, encompasses time served by the juvenile in a youth detention facility before trial.
If we were to hold that time spent in a youth detention facility was not “incarceration” for the purposes of § 15-18-5, we would be endorsing a longer sentence for the *941 17-year-old juvenile who is transferred to stand trial as an adult than we would for the 19-year-old accomplice in the same crime who was originally charged as an adult. The 19-year-old, who sat in an adult facility awaiting trial, would be entitled to credit for every day spent there. The 17-year-old, who was confined in a youth detention facility until transferred to stand trial as an adult, would receive only a fraction of the credit given the accomplice.
Because Adcock was transferred to stand trial, and was subsequently convicted, os an adult, the mandatory nature of § 15-18-5 requires that the trial court determine the amount of credit to which he is entitled.
Because the Limestone Circuit Court has jurisdiction to address the claim in the appellant’s petition, that court erred in transferring the petition to the Etowah Circuit Court, where it was improperly treated as a Rule 32 petition and ultimately dismissed. Therefore, the judgment of the Etowah Circuit Court dismissing Adcock’s Rule 32 petition is reversed and this cause is remanded to the Etowah Circuit Court with directions that it transfer the petition to the Limestone Circuit Court. The Limestone Circuit Court shall treat the petition as a petition for the writ of habeas corpus, as it was originally filed.
REVERSED AND REMANDED.
All the Judges concur.