COBB, Judge,
concurring in part and dissenting in part.
I concur in affirming the circuit court’s revocation of Rice’s probation and the imposition of the remainder of his one-year sentence; however, I would remand this cause to the Madison Circuit Court with instructions for that court to determine whether Rice has been properly credited with the correct amount of time he spent incarcerated (and on work release) before his probation was revoked, and based on those findings, to determine whether Rice should be immediately released from jail in case CC-99-1122.
I have made this determination despite the fact that “ ‘a petition for writ of habeas corpus is the proper procedure to determine whether the appellant has been credited with the correct amount of actual time spent incarcerated pending trial for the offense for which he was eventually sentenced,’ ” Adcock v. State, 710 So.2d 938, 940 (Ala.Crim.App.l998)(quoting Taunton v. State, 562 So.2d 614, 614 (Ala.Crim.App.1989)); Rice has challenged the alleged deficit in the credit he received for time served prior to the revocation of his probation for the first time on appeal; and the calculation of credit for time served prior to his current incarceration is not a jurisdictional issue exempt from the rules of preservation.
However, the attorney general, in the State’s brief, concedes that if the facts Rice presented are true, “Rice is apparently correct that he had served a total of one year’s incarceration by November 11, 2001” and that Rice should seek release by filing a petition for habeas corpus. State’s brief at page 6. Moreover, the Madison Circuit Court, as the court nearest his incarceration, would have jurisdiction over *790 a habeas corpus petition filed by Rice raising this challenge.
Thus, solely in the interest of judicial economy, fundamental fairness, and in the interest of justice, I would remand this cause and order the circuit court to make an immediate determination as to the correct expiration date of Rice’s sentence in this case.