On May 4, 1998, the appellant, Reggie Dewayne Ware, pled guilty to second-degree criminal mischief. The trial court sentenced him to serve a term of one year in the county jail, but suspended the sentence and ordered him to serve two years on probation. It also ordered him to pay restitution, court costs, the fees for his court appointed attorney, and $50 to the Alabama Crime Victims Compensation Fund. On April 13, 2000, the State filed a "Motion to Revoke Suspended Sentence and Motion to Show Cause," alleging that the appellant had violated the conditions of his probation because he had not paid restitution and assessments as ordered. After conducting a revocation hearing, the circuit court revoked the appellant's probation. The appellant filed a motion to reconsider, which the circuit court denied. This appeal followed.
 I.
The appellant argues that the circuit court erroneously refused to allow him to earn fifteen dollars per day while he was incarcerated and to allow the total to be credited against the restitution he had been ordered to pay. (Issue II in the appellant's brief.) Specifically, he contends that the circuit court's order that he would not receive a credit of fifteen dollars per day for each day he was incarcerated violated Rule 26.11(i)(1)(i), Ala.R.Crim.P. In his motion to reconsider, the appellant requested that the circuit court reconsider its decision that he could not earn fifteen dollars per day for each day served. However, he did not allege that he was entitled to earn fifteen dollars for each day served toward the restitution he owed or that the *Page 40 
circuit court's ruling violated Rule 26.11(i)(1)(i), Ala.R.Crim.P. Therefore, he did not properly preserve that specific argument for our review.[1] See Owens v. State, 728 So.2d 673 (Ala.Crim.App. 1998) (holding that the general rules of preservation apply to probation revocation proceedings). Moreover, the Rule does not provide for credit for restitution. Although some subsections of Rule 26.11(i), Ala.R.Crim.P., refer to both fines and restitution, Rule 26.11(i)(1)(i), Ala.R.Crim.P., by its very language, is limited solely to fines. Therefore, the appellant's argument is also without merit.
 II.
The appellant also argues that the circuit court should have ordered that his wages be garnished rather than revoking his suspended sentence. (Issue III in the appellant's brief.) However, he did not present this argument to the circuit court. Therefore, it is not properly before this court. See Owens, supra.
 III.
Finally, the appellant argues that the circuit court erred because it did not give him credit "for all time [he] served prior to his conviction and prior to his trial and prior to his revocation hearing." (Issue I in the appellant's brief at p. 4.) The May 14, 1998, sentencing order specifically, stated: "The Defendant is to receive credit for any time incarcerated on this charge." (C.R. 79.) Therefore, the appellant's argument regarding credit for the time he served before trial is without merit. However, it appears from the record that the appellant spent time in custody before his probation was revoked. Therefore, his argument concerning credit for time he spent in custody before his probation was revoked may be meritorious. The circuit court did not specifically order that he receive credit for any time he spent in custody before his probation was revoked. In addition, the circuit court denied the appellant's "Motion to Reconsider," in which he requested that the circuit court credit him with the time he spent in custody before his probation was revoked. The State argues that, because the appellant was still on probation, he was not entitled to receive credit for any time he spent in custody before the revocation hearing. However, § 15-22-54(d)(3), Ala. Code 1975, provides, in pertinent part:
 "If revocation results in a sentence of confinement, credit shall be given for all time spent in custody prior to revocation. Full credit shall be awarded for full-time confinement in facilities such as county jail, state prison, and boot camp. Credit for other penalties, such as work release programs, intermittent confinement, and home detention, shall be left to the discretion of the court, with the presumption that time spent subject to *Page 41 
these penalties will receive half credit. The court shall also give significant weight to the time spent on probation in substantial compliance with the conditions thereof."
(Emphasis added.) Based on § 15-22-54(d)(3), Ala. Code 1975, the appellant was entitled to credit for any time he spent in custody before his probation was revoked. Accordingly, we remand this case to the circuit court with instructions that that court credit the appellant with all of the time he spent in custody before his probation was revoked, pursuant to § 15-22-54(d)(3), Ala. Code 1975. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include a copy of the circuit court's written order.
REMANDED WITH INSTRUCTIONS.*
WISE, J., concurs; SHAW, J., concurs in the result; COBB, J., concurs in part and dissents in part, with opinion, which McMILLAN, P.J., joins.
[1] Contrary to the assertion by the dissent, the argument the appellant raises on appeal is not identical to the argument he raised in his motion to reconsider. In his brief to this court, the appellant argues that, because the circuit court revoked his probation solely on the ground that he had not paid restitution, he "should be treated as if he is serving out his time in order to pay restitution and should be given credit for fifteen dollars ($15.00) per day as set out in Rule 26.11(i)(1)(i) of the Alabama Rules of Criminal Procedure." (Appellant's brief at p. 5.) In his motion to reconsider, the appellant merely requested that the circuit court "reconsider [its] decision not allow the defendant to be given credit of $15.00 per day for each day served." (C.R. 156.) That request did not include any supporting argument or citation to authority, and it did not include a request that he be treated as if he was serving out his time to pay restitution. Therefore, the motion to reconsider did not squarely present to the circuit court the specific argument he raises on appeal.
* Note from the reporter of decisions: On August 9, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.