The appellant, Jeffery Charles Jackson, appeals from his probation revocation. Jackson was placed on supervised probation in September 2001 after a conviction for unlawful possession of a controlled substance. On November 13, 2001, Jackson's probation officer filed a delinquency report, charging that Jackson had violated the conditions of his probation. The report alleged that Jackson had been charged with three new offenses: (1) resisting arrest, (2) unlawful possession of a controlled substance, and (3) possession of drug paraphernalia. On June 11, 2002, the probation officer filed a supplemental report charging that Jackson had violated the conditions of his probation by failing to pass a drug test. The trial court held a revocation hearing, during which Jackson admitted that he had failed the drug test. Based on this admission, the trial court revoked Jackson's probation, reinstating his sentence. Jackson then filed a motion to reconsider, which the trial court denied after a hearing on the motion.
On appeal, Jackson argues four issues:
 1. The State failed to present the trial judge with any evidence; therefore, there was insufficient evidence to revoke the defendant's probation.
 2. The trial judge did not address the defendant personally prior to accepting an admission by the defendant.
 3. The Court's order of revocation and imposed incarceration represent an abuse of the trial court's discretion.
 4. The trial judge failed to make written statement or state for the record the evidence relied upon and the reasons for revoking probation.
The general rules of preservation apply in revocation proceedings.Puckett v. State, 680 So.2d 980 (Ala.Crim.App. 1996). This Court has recognized the following exceptions to these general rules: (1) the requirement that there be an adequate order of revocation, and (2) the requirement that a revocation hearing actually be held. Id. This Court has also held that a defendant can argue for the first time on appeal the trial court's failure to inform him of his right to request counsel to *Page 367 
represent him at probation-revocation proceedings. Law v. State,778 So.2d 249 (Ala.Crim.App. 2000).
Issues 1, 2, and 3 are not among the three exceptions to the preservation requirement, and Jackson has raised them for the first time on appeal. Therefore, they cannot be considered by this Court on appeal.
However, this matter is due to be remanded for the trial court to amend its revocation order. The revocation order does not contain a statement of the evidence relied on and the reasons for revoking Jackson's probation. The State has also requested that the Court remand this case. This matter is therefore remanded to the Henry Circuit Court for that court to issue an order of revocation consistent with this opinion. Due return shall be made to this Court within 56 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, SHAW, and WISE, JJ., concur.
BASCHAB, J., concurs in the result.
* Note from the reporter of decisions: On June 20, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.