Calvin J. Mumpfield appeals the trial court's order revoking his probation.
The record reflects that Mumpfield's probation officer filed a delinquency report in September 2002,[1] alleging that Mumpfield had violated the terms and conditions of his probation by testing positive for cocaine and marijuana. A probation-revocation hearing was held on September 19, 2002, at which Mumpfield admitted that the charge was true. His probation was then revoked.
On appeal, Mumpfield raises two claims: (1) that the trial court lacked jurisdiction to revoke his probation because, he says, his probationary term had ended before the alleged probation violation for which his probation was revoked had occurred, and (2) that the trial court erred in not giving him credit for time he spent incarcerated before his probation was revoked. We address each claim in turn.
 I.
First, Mumpfield contends that the trial court lacked jurisdiction to revoke his probation because, he says, his probationary term had ended over two years before the alleged probation violation occurred.[2]
According to Mumpfield, he was *Page 207 
sentenced on August 26, 1999, to 10 years' imprisonment; that sentence was split and he was ordered to serve 3 years in confinement, but the trial court suspended the 3-year confinement portion of the sentence and placed him on probation for one year. Therefore, Mumpfield concludes, his probation expired on August 26, 2000, and the trial court could not revoke his probation on September 19, 2002, over two years later. In addition, because his probation had expired on August 26, 2000, Mumpfield argues, the trial court also did not have jurisdiction, on August 16, 2001, to extend his probationary term by two years. According to Mumpfield, the trial court lost jurisdiction over him on August 26, 2000, and all action the trial court purported to take subsequent to that date is void for lack of jurisdiction.
Initially, we note that the State argues that this issue is not properly before this Court for review because it was never presented to the trial court. However, this claim is jurisdictional and therefore not subject to waiver.
The record reflects that on August 10, 1999, Mumpfield was convicted of the unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala. Code 1975. On August 26, 1999, a sentencing hearing was conducted. The case action summary contains the following notation: "Sentenced to 10 yrs./split to serve 3 yrs. . . . reverse split postpone 1 year review. . . . Supervised . . . probation 3 years . . . monitor 90 days." (C. 8.) (Emphasis added.) Based on the case action summary, it is clear that Mumpfield's probationary term was three years, not one year as Mumpfield alleges. The trial court ordered that the case be reviewed in one year, not that Mumpfield only had to serve one year on probation. Therefore, Mumpfield's probation did not end on August 26, 2000.
Moreover, the case action summary reflects that on August 16, 2001, after Mumpfield had served approximately two years of his three-year probationary term, the trial court extended Mumpfield's probation by two years, pursuant to the probation officer's request. See Rule 27.3(a), Ala.R.Crim.P. ("At any time during a term of probation, the court, for good cause shown, may extend the term of probation up to the maximum period permitted by law."). In addition, the case action summary further reflects that Mumpfield was placed in delinquent status on August 23, 2001, for violating his probation, and his probation was not reinstated until June 13, 2002. (C. 3, 5-6.) "As a practical matter, the running of the period of probation must be considered tolled when a warrant of arrest for violation of probation is issued by the court." Peoples v.State, 439 So.2d 774, 775 (Ala.Crim.App. 1983). See also Owens v. State,728 So.2d 673 (Ala.Crim.App. 1998). Based on the case action summary, it is clear that Mumpfield was still on probation in September 2002, and that, therefore, the trial court had jurisdiction to revoke his probation on September 19, 2002.
 II.
Mumpfield also contends that the trial court erred in not giving him credit for time he spent in custody before his probation was revoked.
The record supports Mumpfield's contention. It indicates that the trial court did not give Mumpfield credit for any time he spent in custody before his probation *Page 208 
was revoked, although it appears from the record that Mumpfield may have been incarcerated before his revocation. Although this claim was not raised in the trial court, for the reasons stated below, no objection was necessary in order for this Court to review the issue.
Section 15-22-54(d)(3), Ala. Code 1975, provides, in pertinent part, that "[i]f revocation results in a sentence of confinement, credit shall be given for all time spent in custody prior to revocation." Although no Alabama case has addressed whether an issue relating to time served before revocation of probation must be raised in the trial court before it can be reviewed on appeal, both this Court and the Alabama Supreme Court have recognized that an issue relating to pretrial incarceration under a parallel statute, § 15-18-5, Ala. Code 1975, does not require an objection. Section 15-18-5 provides, in pertinent part, that "[u]pon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense." InS.F.R. v. State, 598 So.2d 1003 (Ala.Crim.App. 1991), aff'd, 598 So.2d 1006
(Ala. 1992), this Court noted that "Section 15-18-5 has been held to mandate a remand to the trial court to determine `credit time' even though the issue was not raised in the trial court." 598 So.2d at 1005, citing Blake v. State, 462 So.2d 949 (Ala. 1984) (Maddox, J., concurring specially)("Procedurally, if the clerk failed to make the certification as the law required, the defendant should have raised the point at thattime, but his failure to do so in a matter as grave as serving more time than the law requires should not be fatal."). We see no material distinction between § 15-18-5 and § 15-22-54(d)(3) with respect to credit for time spent in custody; thus, we conclude that no objection in the trial court was necessary in order to preserve this issue for review.
Therefore, we remand this case to the trial court for it to credit Mumpfield with any time he spent in custody before his probation was revoked in accordance with § 15-22-54(d)(3), Ala. Code 1975. Due return shall be filed with this Court no later than 35 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] The report is not included in the record on appeal, but the case action summary reflects that it was filed.
[2] In his argument on this issue, Mumpfield also mentions Rule 26.11(i)(1)(i), Ala.R.Crim.P., and states that "he should have been given a credit of fifteen dollars ($15) for each day in custody against his fines." (Mumpfield's brief at p. 16.) If this statement was intended by Mumpfield to be an argument, it fails to comply with Rule 28(a)(10), Ala.R.App.P. In addition, this claim was never presented to the trial court and, therefore, is not properly before this Court for review. See, e.g., McIntosh v. State, 762 So.2d 388 (Ala.Crim.App. 1999).