SHAW, Judge.
Robert Austin Cribbs appeals the circuit court’s summary denial of his petition for a writ of habeas corpus, in which he argued that he has not been credited with the time he spent incarcerated serving the first confinement portion of split sentences he received for two driving-under-the-influence (“DUI”) convictions.
In his petition, Cribbs claimed that he is serving five-year sentences for his convictions in 2000 for DUI; according to Cribbs, those sentences were originally split, and he was ordered to serve six months in jail followed by probation. He stated that he served the six-month confinement portion of his sentences but that, while serving the probationary term of- his sentences, he violated the terms of his probation. Cribbs further averred that the trial court revoked his probation on September 5, 2002, and continued the split sentence by ordering that he serve three years in prison followed by two years on probation. Cribbs argues that he has not *884 been credited with the six months he served on the original split sentence.
The Alabama Department of Corrections (“DOC”) filed a motion to dismiss the petition, but it did not refute Cribbs’s allegations that he had served the initial six-month split portion of his sentences before he was released on probation and that probation was subsequently revoked. In a supplement to its motion to dismiss, and in attachments to that motion, DOC acknowledged that Cribbs had served the six-month split portion of his sentence; however, it argued that the sentencing court had not ordered that Cribbs receive credit for that time on his second split and that it had no authority to grant an inmate credit for time served on a previously imposed split sentence. DOC further argued that even if Cribbs serves the full three years on the second split and is not given credit for the six months served on the initial split, that he will not have exceeded his five-year sentence. The circuit court summarily denied the petition.
A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. See, e.g., Breach v. State, 687 So.2d 1257 (Ala.Crim.App.1996); and Swicegood v. State, 646 So.2d 158 (Ala.Crim.App.1993). Section 15-18-8, Ala.Code 1975, provides, in relevant part:
“(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best.”
Further, § 15-22-54(d)(3), Ala.Code 1975, provides, in relevant part:
“If revocation results in a sentence of confinement, credit shall be given for all time spent in custody prior to revocation. Full credit shall be awarded for full-time confinement in facilities such as county jail, state prison, and boot camp. Credit for other penalties, such as work release programs, intermittent confinement, and home detention, shall be left to the discretion of the court, with the presumption that time spent subject to these penalties will receive half credit. The court shall also give significant weight to the time spent on probation in substantial compliance with the conditions thereof. The total time spent in confinement may not exceed the term of confinement of the original sentence.”
(Emphasis added.)
DOC correctly asserts that, even when added together, the six-month period that Cribbs served on the initial split and the three years ordered by the circuit court on the second split do not exceed the initial sentence imposed — even if Cribbs serves three years and six months in prison, that period of confinement is less than the five-year sentence imposed on Cribbs. See generally Parker v. State, 648 So.2d 653 (Ala.Crim.App.1994) (delineating between “sentence” and “confinement” with regard to § 15-22-54(d), Ala.Code 1975).
However, in Phillips v. State, 755 So.2d 63 (Ala.Crim.App.1999), this Court stated:
“Upon revocation of the probation of a defendant sentenced under the Split *885 Sentence Act, if the circuit court does not order execution of the full sentence originally imposed at sentencing, but instead continues the split sentence and increases the confinement portion of the split sentence, the total length of the confinement portion of the split sentence may not exceed three years. See Havis v. State, 710 So.2d 527, 528-29 (Ala.Cr.App.1997); § 15-18-8(a), Ala.Code 1975.”
755 So.2d at 65 n. 3.
Here, DOC did not refute Cribbs’s allegation that he served the original six-month confinement portion of his sentence; rather, DOC conceded that Cribbs had done so. Further, attachments to the assorted pleadings by Cribbs and DOC support Cribbs’s contention that he served that time before he began serving the period of probation that was ultimately revoked. Finally, DOC conceded that Cribbs had not been given credit for the six-month period he had served in custody. Thus, it is apparent from the record that Cribbs served the initial six-month period of confinement but has not received credit for doing so, resulting in his being ordered to spend, pursuant to a split sentence, three years and six months in custody, exceeding .the statutory maximum of three years allowed pursuant to § 15-18-8(a)(l). Therefore, the circuit court’s order denying Cribbs’s petition for a writ of habeas corpus is reversed, and the case is remanded to the circuit court for it to grant Cribbs’s petition for a writ of habeas corpus and to credit Cribbs with the time he spent in custody serving the initial confinement portion of his sentence in accordance with § 15-22-54(d)(3), Ala.Code 1975.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and WISE, JJ„ concur. BASCHAB, J., concurs in the result.