SHAW, Judge.
Danny Jeffery Stults appeals the circuit court’s denial of his petition for a writ of habeas corpus, in which he argued that he had not been credited with the time he spent incarcerated serving the 18-month confinement portion of the split sentence he received for his unlawful-possession-of-a-controlled-substance conviction.
In his petition, Stults claimed that he is serving a 15-year sentence for his conviction in 2000 for unlawful possession of a controlled substance; according to Stults, that sentence was originally split, and he was ordered to serve 18 months in jail followed by 5 years’ probation. He stated that he served the 18-month confinement portion of his sentence[1] but that, after serving approximately 44 months of the probationary term of his sentence, he violated the terms of his probation. Stults further averred that the trial court revoked his probation on August 4, 2005, and reinstated the 15-year sentence. Stults stated that although the trial court ordered that he receive credit for an additional 63 days he had spent incarcerated awaiting the revocation proceedings, he has not been credited with the 18 months he claims to have already served on the original split sentence.
The Alabama Department of Corrections (“DOC”) filed a motion to dismiss the petition, averring only that Stults’s jail credit had been calculated correctly and that he was receiving all the credit to which he was due.[2] The State did not, however, refute Stults’s allegations that he had served the initial 18-month split portion of his sentence before he was released on probation and that probation was subsequently revoked. In an attachment to its motion to dismiss, Kathy Holt, director of records for DOC, certified that
“[j]ail credit is awarded as certified by the Circuit Court Clerk, pursuant to Code of Alabama § 15-18-5. Inmate Danny Jeffery Stults, # 143765C, was credited with 63 days of jail credit on CC-99-1184 (See Attachment # 1), as certified by the Etowah County Circuit Court Clerk. Generally, the method of calculating jail credit is the actual time spent incarcerated from date of arrest until date of sentence unless subject was released on bond. Therefore, Inmate Stults’ jail credit has been entered correctly.”
(C. 17.) The conviction report designated as attachment # 1 in Holt’s affidavit appears to indicate, among other things, that Stults had been sentenced on January 18, 2000, and granted probation, and that he had been rearrested on June 3, 2005. The conviction report also indicates that § 15-18-8, Ala.Code 1975, was not applicable; that the imposed sentence was 15 years; that none of the sentence was suspended; that he was entitled to 63 days of jail credit against his sentence; and that he was scheduled to begin serving his sentence on August 4, 2005. A copy of *1156 Stults’s inmate summary prepared by DOC on April 3, 2006, also indicates that Stults was sentenced to 15 years’ imprisonment on August 4, 2005, that he was entitled to 63 days of jail credit against his sentence, and further indicates that his “long release date” is May 30, 2020. The circuit court issued an order on August 30, 2006, denying the petition.
It is well settled that a petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. See, e.g., Breach v. State, 687 So.2d 1257 (Ala.Crim.App.1996); and Swicegood v. State, 646 So.2d 158 (Ala. Crim.App.1993). It is equally well settled that a defendant is entitled to credit for the time spent incarcerated on the present charge. Stults relies on § 15 — 22—54(d)(3), Ala.Code 1975, which provides, in part: “If revocation results in a sentence of confinement, credit shall be given for all time spent in custody prior to revocation.” (Emphasis added.) We note further that “[cjredit for time served upon revocation is mandatory.” Walker v. State, 920 So.2d 592, 595 (Ala.Crim.App.2005). See also Mumpfield v. State, 872 So.2d 205 (Ala.Crim.App.2003), and Ware v. State, 842 So.2d 38 (Ala.Crim.App.2002).
Neither the State nor the circuit court specifically responded to Stults’s allegation that he served 18 months of his sentence but that he was not credited for that time against his sentence pursuant to § 15 — 22—54(d)(3). Although the conviction report attached to Holt’s affidavit indicated, among other things, that Stults’s sentence was not imposed pursuant to § 15-18-8, Ala.Code 1975, we note that that conviction report was prepared on September 26, 2005, i.e., after Stults’s probation was revoked and the 15-year sentence reinstated. Thus, it is unclear from the conviction report whether Stults was not sentenced pursuant to § 15-18-8 but instead was originally placed on probation and his entire 15-year sentence suspended; or whether, as he claims, his 15-year sentence was imposed pursuant to the split-sentence act, he served the incarceration portion of that sentence, was released on probation, and his probation then was revoked, and the information in the conviction report was reflecting that the sentence after revocation was not split pursuant to the split-sentence act. Further, though it appears that some proceeding may have been conducted in open court, that proceeding was not transcribed.[3] Therefore, this Court is left with only Stults’s unrefuted allegations in his petition, which must be taken as true. See Boutwell v. State, 488 So.2d 33, 34 (Ala.Crim.App.1986) (“The State offered no facts which contradict those set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true.”).
Based on the above-cited authority, it appears that Stults’s unrefuted claim may be meritorious. Therefore, we must remand this case for further proceedings on Stults’s specific allegation that pursuant to § 15 — 22—54(d)(3) he was entitled to, but *1157 did not receive, credit for 18 months he claims to have already served on the 15-year sentence. On remand, the circuit court shall require the State to respond specifically to Stults’s claim and the circuit court may also conduct an evidentiary hearing on the argument. The State’s response shall include any documents and/or administrative regulations upon which it relies to support its position. On remand, the circuit court may grant such relief, if any, that it determines to be necessary. Finally, the circuit court is instructed to make specific, written findings of fact addressing the validity of Stults’s argument. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact; the State’s response and any supporting documents; and, if applicable, a transcript of the evidentiary hearing. We pretermit discussion of Stults’s remaining claims pending the trial court’s return to our remand.[4]
REMANDED WITH INSTRUCTIONS.*
BASCHAB, P.J., and McMILLAN and WELCH, JJ., concur.
WISE, J., concurs in the result.

. Stults conceded that he was credited with the time he spent incarcerated pending trial, averring that that time was credited against the 18-month incarceration period.

. We note that the thrust of the State’s motion to dismiss was geared toward jail credit for time spent incarcerated from the date of arrest until the date of sentence. We further note that the boilerplate motion referenced Stults in the style of the motion and in one section of text, but also referenced a different inmate, averring at one point that “Mays was credited by the Etowah County Circuit Court Clerk.” (C. 15.) (Emphasis added.) Thus, we question whether this motion was actually responsive to, or was even intended to be filed in, this proceeding.

. Stults alleged in his motion for reconsideration of the denial of his petition that a hearing was conducted. Further, Stults's appointed counsel filed a motion to withdraw from his representation of Stults and averred in that motion that "the case was heard in open court and dismissed.” (C. 21.) However, neither the case action summary nor the circuit court's order denying the petition indicates that a hearing was conducted. Further, the court reporter certified that there was no testimony put on the record or taken down in stenotype in the case. Thus, if a hearing was conducted, this Court is unable to ascertain from the record the nature of that hearing or the evidence and arguments advanced, if any, at that hearing.

. Stults also argues on appeal that he was denied due process because the arguments of counsel at the hearing purportedly held by the trial court were not transcribed or recorded, and, further, that he had a right to appear in person at that hearing.

 Note from the reporter of decisions: On February 15, 2008, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.