MAIN, Judge,
dissenting.
I respectfully dissent from the per cu-riam opinion reversing Dean’s probation revocation and remanding the case for further proceedings.
Initially, I do not believe that Dean’s claim falls under any of the three excep *168 tions to the general rule of preservation, which are:
“(1) the requirement that a revocation hearing be held, (2) the requirement that there be an adequate written revocation order, and (3) the requirement that the probationer be informed of his right to request counsel. See, e.g., Jackson v. State, 867 So.2d 365 (Ala.Crim.App.2003), and Evans v. State, 794 So.2d 1234 (Ala.Crim.App.2000).”
Walker v. State, 920 So.2d 592, 594-95 (Ala.Crim.App.2005). Although the per curiam opinion cites Donaldson v. State, 982 So.2d 609 (Ala.Crim.App.2006), for the proposition that Dean’s claim falls under the third exception, I disagree. The allegation that the probationer did not know he had the right to request counsel is different than the allegation that the trial court erred in not appointing counsel. Thus, I believe that to the extent that Donaldson suggests this claim falls under the third exception to preservation, it should be overruled.
Further, and without abandoning my belief that the claim was not preserved, I believe that the per curiam opinion has prematurely determined that “Dean was entitled to counsel at his probation-revocation hearing. We must reverse the circuit court’s order revoking Dean’s probation and remand this case so that the circuit court may hold a new probation-revocation hearing at which Dean is represented by counsel.” Dean, 57 So.3d at 167. I believe the per curiam opinion erred in making that determination without first affording the circuit court the opportunity to make the initial determination. Rather, as this Court stated in Donaldson, the case relied upon by the per curiam opinion:
“[I]t does not appear that the circuit court made an initial determination as to whether the appellant was entitled to have counsel appointed to represent him. Furthermore, based on the record before us, it appears that the appellant may have a colorable claim that he did not commit the alleged violations or that he may have had substantial reasons to justify or mitigate the violations. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings regarding whether the appellant was entitled to have counsel appointed to represent him during the revocation hearing. If the circuit court determines that the appellant was entitled to have counsel appointed to represent him during the revocation hearing, it shall set aside its order revoking the appellant’s probation and conduct a new revocation hearing. In conducting the revocation hearing, we caution the circuit court to comply with the due process requirements set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); and Rule 27, Ala.R.Crim. P. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact and a transcript of the remand proceedings conducted by the circuit court, if any.”
Donaldson v. State, 982 So.2d at 611. Thus, I believe that the majority has improperly usurped a role delegated to the trial court.
For these reasons, I respectfully dissent.
WINDOM, J., concurs.