WELCH, Judge.
The appellant, William Evans Wimberly, Jr., appeals from the circuit court’s dismissal of his petition for a writ of habeas corpus.
On February 12, 2014, Wimberly, who at the time was an inmate housed at the Staton Correctional Facility, petitioned the Elmore Circuit Court for a writ of habeas corpus, arguing that the Alabama Department of Corrections (“the DOC”) had miscalculated his release date. In his petition, Wimberly alleged that he was sentenced in the Mobile Circuit Court to 10 years’ imprisonment for his conviction in case no. CC-88-2375 for the fraudulent use of a credit card, that he was sentenced to life in prison for his conviction in case no. CC-94-1628 for first-degree rape, and that he was sentenced to life in prison in case no. CC-94-1624 for his conviction for first-degree sodomy. Wimberly alleged that the circuit court had ordered that his two life sentences run concurrently with one another and consecutively to his 10-year sentence. Wimberly claimed that the inmate-summary report from the DOC wrongly indicated that all three sentences were to run consecutively. Wimberly attached as an exhibit to his petition for a writ of habeas corpus a notice-of-appeal form signed by the Mobile circuit clerk in 1995. On that form, Wimberly’s sentences are listed. The sentences, as set forth on that form, support Wimberly’s assertion that his life sentences were to run concurrently with one another and consecutively with the 10-year sentence.
*946 On May 24, 2014, the DOC filed a motion to dismiss in which it argued that it had properly calculated Wimberly’s release date. According to the DOC, Wimberly was sentenced in Mobile in 1995 to three life sentences and that those sentences were to be served consecutively. The DOC attached to its motion an affidavit from Mark Bruton, director of central records at the DOC. In his affidavit, Bruton states that all of Wimberly’s sentences were to run consecutively. In support of its position, Bruton attached three conviction reports from the Mobile circuit clerk, prepared in 1995, that indicate that the two life sentences were to run consecutively with one another and to all other sentences. The circuit court subsequently granted the DOC’s motion to dismiss.
Initially, we note that a petition for a writ of habeas corpus is the proper method for determining whether the State has properly calculated the time an inmate must serve in prison. See Breach v. State, 687 So.2d 1257 (Ala.Crim.App.1996).
Wimberly attached an exhibit in support of his allegation. The DOC attached exhibits and other documents in support of its position that Wimberly had been sentenced to three consecutive sentences and that it had properly calculated Wimberly’s release date. The circuit court summarily granted the DOC’s motion to dismiss. The parties presented contradictory documentation supporting their positions and nothing in the record in this appeal, other than that documentation, shows what Wimberly’s sentences were or whether those sentences were to run concurrently or consecutively. However, this Court may take judicial notice of its own records, see Hull v. State, 607 So.2d 369, 371 n. 1 (Ala.Crim.App.1992), and we do so in this case. The record from Wimberly’s direct appeal shows that the trial court sentenced Wimberly to life in prison in case no. CC-94-1623 and in case no. CC-94-1624 and ordered that those sentences were to run concurrently. The trial court ordered that those sentences were to run consecutively with the sentence in case no. CC-88-2375. See Wimberly v. State, (CR-94-1324) 682 So.2d 526 (Ala.Crim.App.1995) (table).
Thus, the record from Wimberly’s direct appeal supports Wimberly’s claim raised in his petition. Therefore, the circuit court erred in summarily dismissing Wimberly’s petition for a writ of habeas corpus, and the court’s judgment is reversed. We remand this case to the circuit court with instructions that that court grant Wimberly’s petition for a writ of habeas corpus and order the DOC to correct its records to reflect the sentences Wimberly was ordered to serve and to take any other actions necessary to comply with the holding in this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.