Nicholas Mario Evans appeals the revocation of his probation. Evans had pleaded guilty to theft of property in the first degree and to burglary in the third degree. On the theft conviction, he was sentenced to five years in prison; that sentence was suspended, and he was placed on supervised probation for one year and then on unsupervised probation for one year. On the theft conviction, he was also ordered to pay $222 in restitution and court costs and a $50 assessment to the Alabama Crime Victims Compensation Commission.
On December 17, 1998, the trial court set the conditions of probation. On January 14, 1999, the trial court ordered Evans to pay $50 on the first Friday of every month toward his court-ordered assessments. On August 31, 1999, Evans appeared before the trial court for a probation revocation hearing. Evans probation was being revoked because he was charged with a new offense, carrying a pistol without a license, and failure to pay court-ordered assessments. At that time, the trial court ordered Evans to attend a drug program, to pay the court-ordered assessments at a rate of $50 a month, and to report to the probation officer within the first five working days of the month.
On November 18, 1999, Evans again appeared before the trial court and was given notice that the court would hold a probation revocation hearing based on an allegation that Evans had been convicted of carrying a pistol without a license and because he had failed to pay court-ordered assessments.
On December 7, 1999, the trial judge held a probation revocation hearing and revoked Evans's probation and ordered that he serve his five-year sentence. Evans sent a letter to the judge asking for reconsideration of the revocation. On December 17, 1999, the judge denied the request, and on January 4, 2000, Evans filed a pro se notice of appeal. The court appointed counsel to represent Evans on appeal.
Evans raises three issues on appeal. We remand with instructions.
 I.
On appeal, Evans argues that he was denied the assistance of counsel at his probation revocation hearing, because he *Page 1236 
says, he was not informed that he could be represented by counsel at that proceeding. The State argues that the denial-of-counsel claim should have been raised in the trial court, and that it is improperly raised for the first time on appeal. This Court, however, held inLaw v. State, 778 So.2d 249, 250 (Ala.Crim.App. 2000), that a defendant could, for the first time on appeal, contend that the trial court erred in failing to advise him of his right to request counsel during probation revocation proceedings.
We note initially that there is no automatic right to counsel in a probation revocation proceeding, and the right to counsel will be decided by the trial court on a case-by-case basis. Law.
 "`[A] trial court's failure to inform an accused of his right to request counsel is not necessarily fatal to its case. "Unless [the probationer's] revocation proceeding was one wherein the actual appointment of counsel was necessary to satisfy applicable due process requirements of fundamental fairness, then he would not have been entitled to have his request for counsel honored and the mere failure to have informed him of the right to make such a request could not have harmed him."'"
Law, 778 So.2d at 251 (quoting Kitchens v. State, 234 Ga. App. 785, 787,508 S.E.2d 176, 179 (Ga.App. 1998)).
At the revocation hearing in the present case, Evans admitted that he had violated the terms of his probation. In addition, there is nothing in the record to support a finding that there were substantial reasons justifying or mitigating the violation. Evans, therefore, has failed to show that he was materially harmed by the absence of counsel. The failure to inform Evans that he could be represented by counsel was not reversible error.
 II.
Evans also contends that he was denied a number of due process and statutory rights as set out in Gagnon v. Scarpelli, 411 U.S. 778 (1973);Armstrong v. State, 312 So.2d 620 (Ala. 1975); Rules 27.5, 27.6, Ala.R.Crim.P.; and § 15-22-54(d), Ala. Code 1975. Specifically, he argues that he was denied due process rights when he was not informed of his right to request appointed counsel, he was not questioned as to the effect of his admissions, there was no inquiry to determine whether he was indigent, there was no evidence or finding that only the full service of the originally imposed sentence would suffice to adequately protect the community, as required under § 15-22-54(d)(4), and no one informed Evans of the defenses that "would only be known to an attorney" or what possible sentences he might receive.
This issue is raised for the first time on appeal. Thus, nothing has been preserved for appellate review. Stallworth v. State, 690 So.2d 551,553 (Ala.Crim.App. 1997). Even constitutional issues must be properly preserved for appellate review. Brown v. State, 705 So.2d 871, 875
(Ala.Crim.App. 1997).
 "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Crim.App. 1992). This Court `has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held.' Puckett, 680 So.2d at 983." *Page 1237 
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). Additionally, as noted earlier, this Court recently held in Law that a defendant can also raise for the first time on appeal that the trial court erred in failing to advise him of his right to request an attorney during probation revocation proceedings. 778 So.2d at 250.
Evans's claim that he has been denied his procedural due process rights cannot be addressed by this Court. He did not preserve the issue at trial, and it is not one of the three exceptions that have been recognized by this Court as claims that can be raised for the first time on appeal.
 III.
Evans's final claim is that the trial court erred because, he says, the written revocation order was insufficient. We review this issue pursuant to the Alabama Supreme Court's holding in Ex parte Helton, 578 So.2d 1379
(Ala. 1990). In Evans's case, the only written order memorializing the trial court's action appears on the case action summary sheet. It states, "Defendant admitted violations — court revoked probation and defendant to serve five years."
"The mere reference in an order to a probationer's admission without identifying the violation or offense to which the probationer has admitted does not satisfy the due process requirements recognized in Rule 27.6(f), Ala.R.Crim.P." Frith v. State, 729 So.2d 352, 354
(Ala.Crim.App. 1998) (internal citations omitted). The written order is insufficient because it does not set forth what term or condition of probation Evans admitted to violating and the reasons for revoking the probation. Id.
Although we can surmise from the record the reasons for revoking Evans's probation, we are required to follow the holding of the Alabama Supreme Court in Armstrong v. State, 312 So.2d 620 (Ala. 1975). The Court in Armstrong held that a complete written order is necessary — a transcript of the proceedings coupled with the order is not sufficient. Id. This Court acknowledges that the holding in Armstrong
is Alabama law and has followed the written-order requirement.[1] Id.
Therefore, we remand this case to the circuit court for that court to file a written statement that includes the reasons for revoking Evans's probation. The trial court shall take the necessary action to ensure that the circuit clerk makes due return to this Court within 14 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.
* Note from the reporter of decisions: On November 27, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On January 5, 2001, that court denied rehearing, without opinion. On March 23, 2001, the Supreme Court denied certiorari review, without opinion (1000722).
[1] Although we are remanding this case to the circuit court for that court to submit a written statement establishing the reasons for revoking Evans's probation, we respectfully invite the Alabama Supreme Court to reconsider its holding in Armstrong v. State, 312 So.2d 620 (Ala. 1975), requiring a separate written order setting forth the evidence relied upon and the reason for the revocation in cases not involving confessions, and instead follow Rule 27.6(f), Ala.R.Crim.P., and those jurisdictions that permit a statement on the record to suffice as a statement of the evidence relied on and the reasons for revoking the probation. *Page 1238