PER CURIAM.
On or about May 23, 2000, the appellant, Leslie Howard Davis, pled guilty to first-degree criminal mischief. The trial court sentenced him to serve a term of 4 years in prison, but split the sentence and ordered him to serve 14 months in prison followed by 36 months on supervised probation. It then postponed his term of incarceration for 12 months. On or about July 16, 2002, the appellant’s probation officer filed an “Officer’s Report on Delinquent Probationer.” After conducting a hearing, the circuit court revoked his probation. This appeal followed.
The appellant argues that the circuit court erred by not advising him of his right to request counsel to represent him during the revocation proceedings. Rule 27.5(a)(3), Ala. R.Crim. P., provides that, at the initial appearance, the circuit court shall
“[a]dvise the probationer of his or her right to request counsel and appoint counsel to represent an indigent proba *1143 tioner if the requirements of Rule 27.6(b) are met.”
Rule 27.6(b), Ala. R.Crim. P., provides:
“The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
“(1) If the probationer makes a col-orable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
“(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present.”
Rule 27.6(e), Ala. R.Crim. P., provides, in pertinent part:
“Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following:
“(2) The right under section (b) to be represented by counsel....”
In this case, the record does not indicate that the circuit court advised the appellant of his right to request counsel during the revocation proceedings. Citing Evans v. State, 794 So.2d 1234 (Ala.Crim.App.2000), the State contends that this error was harmless because the appellant admitted he had violated the terms and conditions of his probation and because he did not present any evidence to justify or mitigate the violation. In Evans, we stated:
“On appeal, Evans argues that he was denied the assistance of counsel at his probation revocation hearing, because he says, he was not informed that he could be represented by counsel at that proceeding. ...
“We note initially that there is no automatic right to counsel in a probation revocation proceeding, and the right to counsel wül be decided by the [circuit] court on a case-by-case basis. Law [v. State, 778 So.2d 249 (Ala.Crim.App.2000)].
“ ‘ “[A] [circuit] court’s failure to inform an accused of his right to request counsel is not necessarily fatal to its case. ‘Unless [the probationer’s] revocation proceeding was one wherein the actual appointment of counsel was necessary to satisfy applicable due process requirements of fundamental fairness, then he would not have been entitled to have his request for counsel honored and the mere failure to have informed him of the right to make such a request could not have harmed him.’ ” ’
“Law, 778 So.2d at 251 (quoting Kitchens v. State, 234 Ga.App. 785, 787, 508 S.E.2d 176,179 (Ga.App.1998)).
“At the revocation hearing in the present case, Evans admitted that he had violated the terms of his probation. In addition, there is nothing in the record to support a finding that there were substantial reasons justifying or mitigating the violation. Evans, therefore, has failed to show that he was materially harmed by the absence of counsel. The failure to inform Evans that he could be represented by counsel was not reversible error.”
794 So.2d at 1235-36.
In this case, the delinquency report alleged that the appellant committed the *1144 new offenses of driving under the influence (“DUI”), resisting arrest, and possessing an open container of beer. In its written revocation order, the circuit court stated:
“Said revocation is based upon the following acts which occurred subsequent to the order of probation. (1) Defendant admits he obtained a new offense — Driving under the influence of alcohol, a violation of a condition of his probation.”
(C.R. 10.)[1] However, during the revocation hearing, the appellant admitted only that he had been drinking while he was on probation. Therefore, the appellant did not admit that he had committed the new offense of DUI. Furthermore, during the revocation hearing, the State did not present any evidence regarding the violations alleged in the delinquency report.
The State argues that “[prohibition of drinking alcoholic beverages is a permissible condition of probation, the violation of which can properly sustain a probation revocation.” (State’s brief at pp. 5-6.) At the conclusion of the revocation hearing, the circuit court stated:
“Pursuant to your admission to drinking while you were on probation, the Court is going to revoke your probation previously granted.”
(R. 5.) However, the delinquency report did not charge the appellant with violation of his probation by merely drinking while on probation.
“The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation.... ”
Hollins v. State, 737 So.2d 1056, 1057 (Ala.Crim.App.1998). Thus, if the appellant did not receive written notice that he was charged with violating his probation by drinking while on probation, the circuit court could not properly revoke his probation on that ground.
Based on the record before us, we cannot conclude that the appellant did not have a colorable claim that he did not commit the alleged violations or that he did not have substantial reasons to justify or mitigate the violations. Therefore, we cannot say that not informing him of his right to request counsel to represent him during the revocation proceedings was harmless error. Accordingly, we must reverse the circuit court’s order revoking the appellant’s probation and remand this case to the circuit court for a new revocation hearing. In conducting the revocation hearing, we caution the circuit court to comply with the due process requirements set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); and Rule 27, Ala. R.Crim. P.
REVERSED AND REMANDED.
SHAW, J., concurs specially, with opinion, which McMILLAN, P.J., and COBB, J., join; BASCHAB, J., dissents, with opinion, which WISE, J., joins.

. If the circuit court revoked the appellant’s probation solely on the ground that he was arrested for DUI, we note that "[a] ‘mere arrest' or the filing of charges is an insuffl-cient basis for revoking one's probation.” Allen v. State, 644 So.2d 45, 45-46 (Ala.Crim.App.1994).