SHAW, Judge.
Bobby Bernard Rander appeals from the trial-court’s order revoking his probation. ■ ■
On April 19, 2000, Rander pleaded guilty to two counts of possession of cocaine and was sentenced to 10 years’ imprisonment for each conviction, those sentences to run concurrently. The sentences were split and Rander was1 ordered to serve one year in confinement followed by five years on probation.
On July 3, 2002, Willie Shavers, Ran-der’s probation officer, filed a delinquency report alleging that Rander had violated the terms and conditions of his probation when he was arrested for a new offense, specifically, possession of a controlled substance. After a revocation hearing on August 1, 2002, the trial court revoked Ran-der’s probation.
I.
On appeal, Rander contends that there.was insufficient evidence to warrant revoking his probation. However, this issue was never presented to the trial court. In Evans v. State, 794 So.2d 1234 (Ala. Crim.App.2000), this Court stated:
“Even constitutional issues must be properly preserved for appellate review. Brown v. State, 705 So.2d 871, 875 (Ala. Crim.App.1997).
“ ‘The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala. Crim.App.1992). This court “has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held.” Puckett, 680 So.2d at 983.’
“Owens v. State, 728 So.2d 673, 680 (Ala. Crim.App.1998). Additionally, as noted earlier, this Court recently held in Law [v. State, 778 So.2d 249 (Ala.Crim.App. 2000),] that a defendant can also raise for the first time-on appeal that the trial court erred in failing to advise him of his right to request an attorney during probation revocation proceedings. 778 So.2d at 250.”
794 So.2d at 1236-37. Rander’s challenge to the sufficiency of the evidence does not fall within one of the exceptions to the general rules of preservation that have been recognized in probation revocation *371 proceedings. Thus, because Rander did not raise this claim in the trial court, it was not properly preserved for review.
II.
Rander also contends that the trial court’s written order revoking his probation was deficient. Although Rander did not object to the adequacy of the trial court’s order, it is well settled that “the adequacy of a written order of revocation can be raised for the first time on appeal.” Durr v. State, 807 So.2d 595, 595 (Ala.Crim.App.2001), citing Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
“ ‘In accordance with Gagnon v. Scarpetti, 411 U.S. 778 ... (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994).”
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App.2000).
Rander contends, and the State agrees, that the trial court’s order contains what appears to be a clerical error with respect to the evidence presented at the revocation hearing. In its order, the trial court stated that it relied, in part, on the testimony of “Probation Officer John Brantley” in revoking Rander’s probation. (C. 35.) However, John Brantley never testified at Rander’s revocation hearing; probation officer Willie Shavers testified at the hearing. Therefore, this case must be remanded for the trial court to clarify the evidence it relied on in revoking Rander’s probation.
Furthermore, we note that after stating the evidence upon which it relied in revoking Rander’s probation, the trial court stated that it was “reasonably satisfied from said evidence and testimony that the defendant did violate the terms and conditions of his probation by failing to comply with the terms as ordered by the court.” (C. 35-36.) It is clear from the revocation proceedings as well as from the evidence recited in the revocation order that the trial court was revoking Rander’s probation because Rander had violated the terms and conditions of his probation by committing the new offense of possession of a controlled substance; however, the trial court did not clearly state in its written order that that was the reason for revoking probation. Therefore, the trial court should amend the written order of revocation to clearly reflect the reason for revoking Rander’s probation.
Based on Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), we remand this cause for the trial court to amend its written order of revocation to more clearly specify the reason for revoking Rander’s probation, and to clarify the evidence it relied on in doing so. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
*372 McMILLAN, P.J., and COBB and WISE, JJ., concur. BASCHAB, J., concurs in the result.