The appellant, Johnny Ray Donaldson, was convicted of two counts of second-degree arson. The trial court sentenced him to serve terms of ten years in prison, but suspended the sentences and placed him on probation for five years. On March 15, 2006, the appellant's probation officer filed an "Officer's Report on Delinquent Probationer." After conducting a revocation hearing, the circuit court revoked the appellant's probation. This appeal followed.
The appellant argues that the circuit court erred by not appointing counsel to represent him during the revocation proceedings.[1]
 "`[T]here is no automatic right to counsel in a probation revocation proceeding.' Law v. State, 778 So.2d 249, 250 (Ala.Crim.App. 2000) (citing Spence v. State, 766 So.2d 206, 207
(Ala.Crim.App. 1999)). Whether a probationer is entitled to counsel is determined on a case-by-case basis. See Law, 778 So.2d at 250; Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975)."
Gibbons v. State, 882 So.2d 381, 382
(Ala.Crim.App. 2003). Rule 27.6(b), Ala. R.Crim. P., provides, in pertinent part:
 "Counsel will be appointed to represent an indigent probationer upon request:
 "(1) If the probationer makes a colorable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
 "(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present."
The delinquency report alleged that the appellant had not reported to his probation officer between November 2005 and March 2006, and that he had not paid his supervision fees. In its written revocation order, the circuit court stated that the appellant had admitted that he did not report to his probation officer. However, during the revocation hearing, the following occurred:
 "[THE COURT:] Mr. Donaldson, while you've been on probation since *Page 611 
October of `05, have you reported to your probation officer every month?
 "THE DEFENDANT: When; I got it swapped to Tuscaloosa, I did, sir.
 "THE COURT: Did you report in November 2005? Did you report in December 2005?
 "THE DEFENDANT: I can't remember.
 "THE COURT: January of 2006, February 2006, March 2006?
 "THE DEFENDANT: No, sir. That is the first six months. I had it swapped to Tuscaloosa County. That's what I'm saying. That's when I had it swapped. They were showing I wasn't in the computer system. They told me I had it sent back up here. I got it caught all up.
 "THE COURT: Did you report?
 "THE DEFENDANT: No — Yes, sir, but they said I didn't.
 "THE COURT: The Court is going to revoke your probation previously granted to you."
(S.R. 2-3.)
In this case, it does not appear that the circuit court made an initial determination as to whether the appellant was entitled to have counsel appointed to represent him. Furthermore, based on the record before us, it appears that the appellant may have a colorable claim that he did not commit the alleged violations or that he may have had substantial reasons to justify or mitigate the violations. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings regarding whether the appellant was entitled to have counsel appointed to represent him during the revocation hearing. If the circuit court determines that the appellant was entitled to have counsel appointed to represent him during the revocation hearing, it shall set aside its order revoking the appellant's probation and conduct a new revocation hearing. In conducting the revocation hearing, we caution the circuit court to comply with the due process requirements set forth in Morrissey v. Brewer, 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli,411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrong v.State, 294 Ala. 100, 312 So.2d 620 (1975); and Rule 27, Ala. R.Crim. P. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact and a transcript of the remand proceedings conducted by the circuit court, if any.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs in the result.
[1] The State argues that this issue is not properly before this court because the record does not indicate that the appellant asked the circuit court to appoint counsel to represent him. However, because this claim involves the fundamental right to counsel, we will review it even though he did not first present it to the circuit court. This is consistent with our decision in Coon v. State,675 So.2d 94, 95 (Ala.Crim.App. 1995), in which this court addressed a claim that "the [circuit] court erred in allowing [Coon] to represent himself without first holding a hearing pursuant toFaretta v. California, 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562 (1975), to determine if he had [voluntarily] relinquished his right to counsel," even though the appellant raised that claim for the first time on appeal.
* Note from the reporter of decisions: On October 26, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion.