McMILLAN, Judge.
The appellant, Danny Darrell Smith, appeals from the trial court’s decision to revoke his probation and impose his original sentences of four years’ imprisonment. On August 14, 2006, Smith pleaded guilty to two counts of unlawful possession of a controlled substance. The trial court sentenced him to four years’ imprisonment on each conviction to be served concurrently, suspended the sentences, and placed him on probation for five years. On May 30, 2007, the trial court revoked Smith’s probation and reinstated the original sentences. The coui't also recommended that Smith be placed in a community-corrections program. On August 8, 2007, Smith was placed on work release through the Houston County community-corrections program. On March 6, 2008, his probation officer filed a delinquency report, charging that he had failed to comply with the conditions, rules, and regulations of the work-release program and with the instructions of his probation officer by committing the following violations:
“1. Inmate Smith was terminated from employment with Perdue Farms after a 3 day suspension for insubordination. Inmate Smith was also terminated due to a complaint of sexual harassment at Perdue Farms. Also a direct order was disobeyed given by his supervisor to have no contact with that individual. After the meeting Inmate Smith went directly to that individual and stated that ‘We’re going to get this shit straight’. David Weimer, RIO Facilitator, advised that due to the circumstances of Inmate Smith’s termination that he was not a suitable candidate for the Work Release Program and that he was unemployable.
“2. Inmate Smith gave a urine sample on 2/29/08. Officer Weber tested the sample on our in-house Syva Junior Drug Analysis Machine and it came up positive for cocaine on 3/06/08. All positive tests are run twice for verification.”
On March 24, 2008, the trial court conducted a revocation hearing. Smith’s counsel informed the court that Smith admitted losing his job at Perdue Farms, although he disputed the reasons he was given for his firing. Counsel also stated that he had spoken to a representative of the community-corrections program, who told him that they were not interested in having Smith return to the program. After the hearing, the trial court entered a written order that Smith was “to serve [his origi *1271 nal] sentence^] ... ['with] credit for time served.”
I.
Smith contends that the trial court erred in revoking his probation for the following reasons: (1) The trial court did not allow him to confront and cross-examine the witnesses against him; (2) the trial court revoked his probation based solely on the evidence in the delinquency report, which was hearsay; and (3) his appointed counsel was ineffective.
“The general rules of preservation apply to probation revocation hearings.” Oivens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998). This court has recognized only three exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) The requirement that there be an adequate written order of revocation, (2) the requirement that a revocation hearing actually be held, and (3) the requirement that the defendant be advised of his right to request an attorney. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996); Law v. State, 778 So.2d 249, 250 (Ala.Crim.App. 2000). Smith’s claims do not fall within any of the three recognized exceptions, and Smith failed to present his claims to the trial court. Therefore, they were not preserved for appellate review.
II.
Smith contends that the trial court also erred in revoking his probation because the court’s written revocation order did not state the evidence upon which the court relied and its reasons for revoking probation.
“[T]he requirement of Wyatt [v. State, 608 So.2d 762 (Ala.1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f) [, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey [v. Brewer, 408 U.S. 471 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’ [United States v.] Copeland, 20 F.3d [412,] 414 [(11th Cir.1994)].
“We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons. The requirements of Wyatt will still be fully applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and the evidence that supported those reasons. Thus, the requirements of Wyatt are fully applicable to the trial court’s order of revocation where the record fails to comply with Rule 27.6(f).”
McCoo v. State, 921 So.2d 450, 462-463 (Ala.2005).
The record does not contain any oral findings by the trial court, and the court’s written order does not indicate the evidence on which it relied or its reasons for revoking probation. Therefore, we must remand this case to the trial court *1272 with instructions that it enter a written order specifically stating the reasons for revoking Smith’s probation and the evidence supporting those reasons. A return should be filed with this court within 21 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
SHAW, WISE, and WELCH, JJ., . concur. BASCHAB, P.J., concurs in the result.