PER CURIAM.
The appellant, Nickolas L. Dean, appeals the circuit court’s revocation of his probation. In November 2003, Dean pleaded guilty to robbery in the first degree; he was sentenced to 20 years’ imprisonment which sentence was split, and he was ordered to serve five years’ incarceration followed by three years’ supervised probation.
In December 2008, Dean’s probation officer filed a delinquency report charging Dean with violating the terms of his probation by failing to report to his probation officer, failing to pay supervision fees, and failing to pay court-ordered moneys. After a hearing at which the court found that Dean failed to report to his probation officer, the circuit court revoked Dean’s pro *166 bation and ordered Dean to serve the remainder of his 20-year sentence. This appeal followed.
On appeal, Dean, who is an indigent defendant, argues: “The Court erred in failing to appoint a lawyer to represent Dean. The Court used an arbitrary standard in determining whether counsel would be appointed.” (Dean’s brief at p. 8.) The State argues that Dean failed to preserve this issue for appellate review.
Initially, we note that the general rules of preservation apply to probation-revocation proceedings; however, we have recognized three exceptions to this rule:
“(1) The requirement that there be an adequate written order of revocation, (2) the requirement that a revocation hearing actually be held, and (3) the requirement that the defendant be advised of his right to request an attorney. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996); Law v. State, 778 So.2d 249, 250 (Ala.Crim.App.2000).”
Smith v. State, 26 So.3d 1269, 1271 (Ala.Crim.App.2008). Dean’s claim fits within the third exception. See Donaldson v. State, 982 So.2d 609, 610 n. 1 (Ala.Crim.App.2006) (reviewing Donaldson’s claim that the circuit court erred in not appointing counsel during probation-revocation hearing even though the issue was not preserved for appellate review).
Moreover, Dean’s probation was revoked on March 30, 2009. On April 13, 2009, Dean, acting pro se, filed a letter addressed to the circuit judge. The letter reads:
“I am writing the court to request an appeal regarding my revocation hearing. At that particular time in question I didn’t have an attorney to represent me. I feel that if I had someone to speak on my behalf the outcome of the hearing would have been different.”
(C.R. 13.)[2] The letter was treated as a notice of appeal.[3]
The record of the probation hearing reflects the following discussion at the beginning of the hearing:
“The Court: You have' the right to hire your own lawyer, Mr. Dean. Can you hire a lawyer and do you want to do that?
“[Dean]: Sir, I’m not able to, sir.
“The Court: If you can tell me that this report is wrong I will appoint an attorney.
“[Dean]: I misunderstood the question. “The Court: If you can tell me that you have not violated probation; that this report is in error, then I will appoint a lawyer to represent you.
“[Dean]: It’s not, sir.
“The Court: You can’t do that.
“[Dean]: I did not report.
“The Court: All right. You don’t have to admit, technically now, that you violated probation. If you deny it, then I’ll take testimony from the probation officer. You can testify if you want to, but you may remain silent. Do you understand that?
“[Dean]: Yes, sir.
“The Court: Do you admit or deny failing to report and paying the Court- *167 ordered moneys? Do you admit it.or deny it? Is it true or not true?
“[Dean]: Deny.
“The Court: Well, is this report true or not true?
“[Dean]: It’s not true. The whole thing is not true.
“The Court: Is it true or not true that you failed to report to your probation officer?
“[Dean]: It’s true.
“The Court: All right. And what part do you deny?
“[Dean]: I paid — I was paying the fines.
[[Image here]]
“The Court: Do you want to tell me why you didn’t report ?
“[Dean]: I had lost my place. Home. Residence. I had lost my home residence and I was living on the street, sir.”
(R. 2-4.)
There is no absolute right to counsel in a probation revocation proceeding, only a qualified right. See Coon v. State, 675 So.2d 94 (Ala.Crim.App.1995). “Whether a probationer is entitled to counsel is determined on a case-by-case basis.” Gibbons v. State, 882 So.2d 381, 382 (Ala.Crim.App.2003). This limited right is incorporated into Rule 27.6(b), Ala. R.Crim. P., which states:
“The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
“ ‘(1) If the probationer makes a colorable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
“ ‘(2) Even when the violation is a matter of public record or is uncontested,.if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present.”
This rule was patterned to comply with the requirements set out by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
In this case, Dean denied the allegation that he failed to pay court-ordered moneys. After prompting from the court, Dean did admit that he had failed to report to his probation officer. However, Dean explained that he failed .to report because he had no home and was living on the street. According to Rule 27.6(b)(2), Ala. R.Crim. P., Dean alleged facts that might tend to mitigate his failure to report to his probation officer. See Davis v. State, 855 So.2d 1142 (Ala.Crim.App.2003). Dean was entitled to counsel at his probation-revocation hearing. We must reverse the circuit court’s order revoking Dean’s probation and remand this case so that the circuit court may hold a new probation-revocation hearing at which Dean is represented by counsel.
REVERSED AND REMANDED.
WISE, P.J., and WELCH and KELLUM, JJ., concur.
MAIN, J., dissents, with opinion, which WINDOM, J., joins.

. Dean also filed an untimely motion to reconsider the revocation of his probation. The motion was filed more than 30 days after the circuit court had revoked Dean’s probation. We have held that a circuit court retains jurisdiction after a probation revocation proceeding for only 30 days, and no postconviction motion operates to extend the jurisdiction of the lower court beyond the 30 days. See Wank v. State, 18 So.3d 972 (Ala.Crim.App.2009).

. The circuit court appointed Dean an attorney for his appeal to this Court.