STUART, Justice.
In November 2003, upon pleading guilty to robbery in the first degree, Nickolas L. Dean was sentenced to 20 years’ imprisonment. That sentence was split, and Dean was ordered to serve five years’ incarceration, followed by three years of supervised probation. In 2008, while Dean was serving the probationary portion of his sentence, his probation officer filed a delinquency report charging that Dean had violated various terms of his probation, including failing to report to the probation officer. At the probation-revocation hearing, the following exchange occurred between the circuit court and Dean:
“THE COURT: You have the right to hire your own lawyer, Mr. Dean. Can you hire a lawyer and do you want to do that?
“[Dean]: Sir, I’m not able to, sir.
“THE COURT: If you can tell me that this report is wrong I will appoint an attorney.
“[Dean]: I misunderstood the question.
“THE COURT: If you can tell me that you have not violated probation; that this report is in error, then I will appoint a lawyer to represent you.
“[Dean]: It’s not, sir.
“THE COURT: You can’t do that.
“[Dean]: I did not report.
“THE COURT: All right. You don’t have to admit, technically now, that you violated probation. If you deny it, then I’ll take testimony from the probation officer. You can testify if you want to, but you may remain silent. Do you understand that?
“[Dean]: Yes, sir.
“THE COURT: Do you admit or deny failing to report and paying the Court-ordered moneys? Do you admit it or deny it? Is it true or not true?
“[Dean]: Deny.
“THE COURT: Well, is this report true or not true?
“[Dean]: It’s not true. The whole thing is not true.
*171 “THE COURT: Is it true or not true that you failed to report to your probation officer?
“[Dean]: It’s true.
[[Image here]]
“THE COURT: Do you want to tell me why you didn’t report?
“[Dean]: I had lost my place. Home. Residence. I had lost my home residence and I was living on the street, sir.
[[Image here]]
“THE COURT: All right. Mr. Dean, as a result of failing to report to your probation officer, your probationary status is revoked and you’re ordered to serve your original sentence. You’ll get credit for any time that you’ve served.
“[Dean]: Sir, would it be possible I could get a probation bond or anything like that?
“THE COURT: No, sir. Your probation is revoked. You’re not on probation now. You’ve got to serve your sentence for failing to report.
“[Dean]: Can I ask something, sir?
“THE COURT: Sir?
“[Dean]: Can I say something on my behalf, sir?
“THE COURT: If you’d like to. I thought you already did. Go ahead.
“[Dean]: Sir, would it be possible — see, I never did go to work release or nothing when I was in prison the whole time, because I didn’t have no PSI report; Presentence Investigation Report. They wouldn’t allow me to go to work release so, the whole time I was in prison, when I got out, I didn’t have no means to make money or job skills as well. So, on top of that I’m asking you if it’s possible if I can have a chance to— have a chance. If I can have a chance to have a chance to, you know, to have some type of income that when I do get out that I’m able to do for myself.
“THE COURT: I hope you qualify for work release. I can’t do any further split on this. You’ve already served the maximum split, so there’s nothing I can do except the original sentence. So, it will be up to the Department of Corrections as to whether or not they’ll put you on work release.
“[Dean]: I understand that, sir, but I’m asking you if it would be possible if I could go to county work release for six months to a year?
“THE COURT: No, sir, I can’t do that. I’ve already split your sentence to the maximum amount. There’s nothing I can do, Mr. Dean..
‘You can go back with the deputies. I hope they’ll put you on work release with the State.”
In a pro se motion, Dean asked the circuit court to réconsider its order revoking his probation, stating:
“1. Upon my release from incarceration, I was explained the rules and agreed to them, however'
“2. My listed residence was infested with drugs and violence. Because of the people moving through the house, items periodically came up missing. Arguments were building and I felt I needed to remove myself from a volatile situation.
“3. I stayed with several friends for a period of time but I was basically homeless. I was only working sporadically through Labor Finders making about $40 a day when I worked.
“4. I did not intend to neglect payment of my fines and restitution but I did not have any money for more than basic survival.
“5. After I fell behind, my probation officer made it clear that if I did not pay my probation would be revoked. I was scared after another month came and I *172 was still on the streets and still not able to pay. Because of this, I stopped reporting.
“6. I often walked by the probation office and thought to go in and explain and even went in once and asked for [my probation officer] but he wasn’t in and I left. I was too scared to go back.”
The circuit court denied Dean’s motion to reconsider.
Dean appealed the circuit court’s judgment revoking his probation to the Court of Criminal Appeals, arguing, among other issues, that the circuit court erred in refusing to appoint counsel to represent him at the probation-revocation hearing. The State maintained that Dean’s argument was not preserved for appellate review and that the circuit court properly refused to appoint counsel to represent Dean at the probation-revocation hearing.
The Court of Criminal Appeals reversed the circuit court’s order revoking Dean’s probation. Dean v. State, 57 So.3d 164 (Ala.Crim.App.2009) (Main and Windom, JJ., dissenting). Reasoning that the circuit court’s failure to appoint counsel to represent Dean at the probation-revocation hearing falls within one of the exceptions to the general rules of preservation, i.e., that a trial court must advise the probationer of his or her right to request counsel, see Donaldson v. State, 982 So.2d 609 (Ala.Crim.App.2006), the Court of Criminal Appeals then reviewed the circuit court’s decision that Dean was not entitled to counsel to represent him at the probation-revocation hearing. The Court of Criminal Appeals held that the circuit court had erred in not appointing counsel to represent Dean because the record indicated that “Dean alleged facts that might tend to mitigate his failure to report to his probation officer.” 57 So.3d at 167. Accordingly, the Court of Criminal Appeals reversed the circuit court’s order revoking Dean’s probation and ordered the circuit court to appoint counsel to represent Dean at a new probation-revocation hearing.
The State petitioned this Court for cer-tiorari review of the decision of the Court of Criminal Appeals. We granted the State’s petition to determine, first, whether a claim that a circuit court refused to appoint counsel to represent an indigent probationer at a probation-revocation hearing must be preserved for appellate review and, if not, whether the Court of Criminal Appeals erred in ordering a new probation-revocation hearing at which Dean was entitled to appointed counsel to represent him.
We note initially that the proceeding under review is a probation-revocation hearing. Probation is a privilege granted by the State, not a right to which a criminal defendant is entitled. Killeen v. State, 28 So.3d 823, 824 (Ala.Crim.App.2009). Once the State grants probation, however, it cannot simply revoke the privilege at its discretion. Id. Because probation revocation implicates a defendant’s liberty interest, a probationer is entitled to some procedural due process in a probation-revocation proceeding. Morrissey v. Brewer, 408 U.S. 471, 482, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). A probationer, however, is not entitled to the full due-process rights provided in a criminal proceeding because probation revocation does not deprive a defendant of his or her absolute liberty, only his or her conditional liberty.
Undisputedly, “ ‘[t]he constitutional [Sixth Amendment] “right to counsel or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused[, and c]onviction without this safeguard is void.” ’ ” Pratt v. State, 851 So.2d 142, 144 (Ala.Crim.App.2002) (quoting Berry v. State, 630 So.2d 127, 130 *173 (Ala.Crim.App.1993)). However, at a probation-revocation proceeding, the right to counsel is not a Sixth Amendment right; the right exists only by virtue of the Due Process Clause under the Fifth and Fourteenth Amendments, and the State is not under a constitutional duty to provide counsel for indigent probationers in all probation-revocation cases. As the United States Supreme Court explained in Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973):
“We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel [at a probation-revocation hearing]. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness- — the touchstone of due process — will require that the State provide at its expense counsel for indigent probationers.”
Likewise, our caselaw has established:
“ ‘[T]here is no automatic right to counsel in a probation revocation proceeding.’ Law v. State, 778 So.2d 249, 250 (Ala.Crim.App.2000) (citing Spence v. State, 766 So.2d 206, 207 (Ala.Crim.App.1999)). Whether a probationer is entitled to counsel is determined on a case-by-case basis. See Law, 778 So.2d at 250; Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).”
Gibbons v. State, 882 So.2d 381, 382 (Ala.Crim.App.2003).
First, the State contends that the Court of Criminal Appeals erred in holding that Dean did not have to preserve for appellate review his contention that the circuit court erred in refusing to appoint counsel to represent him at the probation-revocation hearing. In Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996), the Court of Criminal Appeals recognized that the rules of preservation -applied to probation-revocation proceedings. One exception to those rules of preservation as applied to probation-revocation proceedings that has since been recognized is that an appellate court will review the failure of a circuit court to inform a probationer of his or her right to request counsel to represent the probationer at a probation-revocation hearing even though an objection on that basis was not entered at the hearing. Law v. State, 778 So.2d 249 (Ala.Crim.App.2000). Judge Shaw explained the rationale for recognizing this preservation exception in Davis v. State, 855 So.2d 1142, 1145 (Ala.Crim.App.2003) (Shaw, J., concurring specially), stating:
“If a probationer does not know that he or she has the right to request counsel because the trial court never informed the probationer of that right, he or she cannot possibly know to object to the trial court’s failure to advise the probationer of the right to request counsel. The fact that ‘situations exist in which a probationer, if not represented by counsel, may not receive the protections guaranteed by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), in probation revocation proceedings,’ Law [v. State], 778 So.2d [249], 250 [ (Ala.Crim.App.2000) ] (footnote omitted), coupled with the inherent inconsistency in requiring a probationer to object to the trial court’s failure to advise him or her of the right to request counsel when the probationer is not aware that he or she has such a right, requires that this Court address the merits of [a *174 probationer’s] claim, even though it is being raised for the first time on appeal.”
In Dean, the Court of Criminal Appeals held that a circuit court’s refusal to appoint counsel to represent a probationer at a probation-revocation hearing fit within one of the exceptions to the general rules of preservation recognized in a probation-revocation proceeding — a claim that a circuit court failed to inform a probationer of his or her right to request an attorney. To support its conclusion, the Court of Criminal Appeals cited Donaldson v. State, 982 So.2d at 610 n. 1. In Donaldson, the Court of Criminal Appeals stated that a claim that the circuit court had erred in refusing to appoint counsel to represent a probationer at a revocation hearing involved the fundamental right to counsel and, consequently, that an objection in the circuit court was not required for appellate review.
The State maintains that the Court of Criminal Appeals erred in holding that Dean was not required to preserve the issue for review because, it says, the question whether a probationer is informed of his or her right to request counsel to represent the probationer at a probation-revocation hearing is materially different from the question whether the circuit court erred in not appointing counsel to represent an indigent probationer. It argues that this Court should reverse Donaldson to the extent that it. holds that an exception to the general rules of preservation exists with regard to a claim that' the circuit court failed to appoint counsel to represent an indigent probationer at a revocation hearing.
We agree with the State that whether a probationer is informed of the right to request that he or she be represented by counsel at a probation-revocation hearing is materially different from whether the circuit court erred in not appointing counsel to represent an indigent probationer. Therefore, we cannot agree with the Court of Criminal Appeals that the failure to appoint counsel to represent an indigent probationer is encompassed within the preservation exception of failure to inform a probationer of his or her right to request counsel. We do, however, agree with the Court of Criminal Appeals that review of a claim that the circuit court erred in refusing to appoint counsel to represent an indigent probationer does not have to be preserved in the circuit court for appellate review. In Gagnon, the United States Supreme Court recognized that “there will remain certain cases in which fundamental fairness — the touchstone of due process— will require that the State provide at its expense counsel for indigent probationers.” 411 U.S. at 790, 93 S.Ct. 1756. Accordingly, to satisfy the fundamental-fairness concern expressed in Gagnon, it is appropriate for an appellate court to review a circuit court’s refusal to appoint counsel to represent an indigent probationer when that issue is raised on appeal even if no objection was entered in the circuit court. Review by the Court of Criminal Appeals of Dean’s contention that the circuit court erred by refusing to appoint counsel to represent Dean at the probation-revocation hearing was proper.
Next, the State maintains that the Court of Criminal Appeals erred in holding that the circuit court erred by refusing to appoint counsel to represent Dean at the probation-revocation hearing.
Our law is clear that a probationer does not necessarily have a right to be represented by counsel at a probation-revocation hearing and that the determination of whether an indigent defendant is entitled to have counsel appointed to represent him or her at a probation-revocation hearing rests in the circuit court. “Although a *175 probationer does not have an unqualified right to counsel at a probation-revocation hearing, Coon v. State, 675 So.2d 94, 95 (Ala.Crim.App.1995), it is incumbent upon the sentencing court to determine whether the probationer has such a right before revoking his probation.” Turner v. State, 981 So.2d 444, 447 (Ala.Crim.App.2007). Rule 27.6(b), Ala. R.Crim. P., provides:
“The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
“(1) If the probationer makes a color-able claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
“(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present.”
See also Gagnon, 411 U.S. at 790-91 (recognizing that one consideration in determining whether counsel needs to be appointed to represent a probationer is “whether the probationer appears to be capable of speaking effectively for himself’).
Dean admitted that he violated a term of his probation by failing to report to his probation officer. Thus, an analysis under Rule 27.6(b)(2), Ala. R.Crim. P., must be conducted to determine whether Dean was entitled to have counsel appointed to represent him at the probation-revocation hearing. A circuit court’s refusal to appoint counsel to represent an indigent probationer is not reversible error unless the probationer can show that he or she was materially harmed by the absence of counsel. Evans v. State, 794 So.2d 1234, 1236 (Ala.Crim.App.2000).
The State maintains that the circuit court did not exceed the scope of its discretion in refusing to appoint counsel to represent Dean at the probation-revocation hearing because, it says, Dean’s reasons for failing to report to his probation officer are not “complex or otherwise difficult to develop.” The State contends that Dean adequately explained to the circuit court his reasons for failing to report to his probation officer and that the reasons were straightforward and not difficult to develop. We agree.
Initially, we note that Dean’s probation-revocation hearing was not unusually complex and did not include an allegation that Dean had committed a new criminal offense. Nothing in the record indicates that Dean was confused at the hearing with regard to his probationary status, the alleged violation that he failed to report to his probation officer, or the consequences for this violation. Indeed, the record establishes that Dean effectively communicated with the circuit court at the hearing and did not hesitate to advocate for his placement on work release.
Dean was charged with several violations of his probation, including failing to report to his probation officer. Dean admitted that he did not report to his probation officer and stated that he did not report because he was living on the street after he lost his residence. Additionally, in his motion for reconsideration, Dean elaborated on his reason for failing to report to his probation officer, explaining that he was afraid his probation would be revoked because he was unable to pay his fines and restitution and was living on the streets. Indeed, Dean acknowledged in his motion that he knew he was supposed to report to his probation officer, but he did not.
*176 In this case, the circuit court’s failure to appoint counsel to represent Dean at the probation-revocation hearing did not render the revocation proceedings fundamentally unfair or violate Dean’s due-process rights. Dean’s reasons for failing to report to his probation officer — fear and the loss of housing — were neither complex nor difficult to develop or present. The mere existence of mitigating reasons for the alleged violation does not entitle a probationer to appointed counsel; the mitigating reasons must be “complex or otherwise difficult to develop or present.” Dean’s reasons were not. Consequently, the failure of the circuit court to appoint counsel for Dean was not error. Moreover, Dean’s claim that an attorney could have developed the mitigation evidence to explain why Dean did not report to his probation officer is a bare allegation, not supported by any facts or evidence. A bare allegation cannot establish that Dean was harmed by the absence of counsel. The record simply does not support a finding that Dean was materially harmed by the absence of counsel to represent him at the probation-revocation hearing or that he was entitled to have counsel appointed to represent him.
Because the record does not support a finding that the circuit court exceeded the scope of its discretion in refusing to appoint counsel to represent Dean at the probation-revocation hearing, the judgment of the Court of Criminal Appeals is reversed, and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.