After Remand from the Alabama Supreme Court

PER CURIAM.
In Dean v. State, 57 So.3d 169 (Ala.2010), the Alabama Supreme Court reversed this Court’s decision in Dean v. State, 57 So.3d 164 (Ala.Crim.App.2009), and held that a claim that a lower court “refused to appoint counsel to represent an indigent probationer at a probation-revocation hearing” did not have to be preserved for appellate review. The Supremé Court also held, contrary to this Court, that the circuit court did not err in refusing to appoint counsel to represent Dean at his probation-revocation hearing because, it said, the issues involved in Dean’s case were not “unusually complex.” 57 So.3d at 175.[1] The Supreme Court remanded the case for consideration of the remaining issues Dean raised in his original brief to this Court, which we did not address given our decision to reverse the lower court proceedings. We now address those two issues.
Dean argues that the circuit court failed to inform him of all of his Rule 27.6, Ala. R.Crim. P., rights — his right to testify, his right to present evidence and witnesses on his behalf, and his right to cross-examine witnesses — before he admitted to failing to report to his probation officer.[2] Dean also argues that the circuit court abused its discretion in revoking his probation based solely on the statement of his probation officer and his admission that he failed to report to his probation officer.
The general rules of preservation apply to probation-revocation proceedings; however, the following exceptions to those rules have been recognized:
“(1) the requirement that a revocation hearing be held, (2) the requirement that there be an adequate written revocation order, and (3) the requirement that the probationer be informed of his right to request counsel. See, e.g., Jackson v. State, 867 So.2d 365 (Ala.Crim.App.2003), and Evans v. State, 794 So.2d 1234 (Ala.Crim.App.2000).”
Walker v. State, 920 So.2d 592, 594-95 (Ala.Crim.App.2005). A new exception was created by the Supreme Court in Dean v. State. The Court held in Dean that a claim that the lower court refused to appoint counsel to represent an indigent pro *178 bationer at a probationer-revocation hearing did not have to be preserved before an appellate court could review that claim on appeal. Dean’s claims do not fall within one of the exceptions to the general rules of preservation that have been recognized in probation-revocation proceedings. Thus, because Dean did not raise these issues in the circuit court, they are not properly preserved for appellate review. Accordingly, we affirm the revocation of Dean’s probation.
AFFIRMED.
WISE, P.J., and WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.

. The right to counsel in a probation-revocation proceeding is a qualified right. Coon v. State, 675 So.2d 94 (Ala.Crim.App.1995).

. Rule 27.6(c), Ala. R.Crim. P., provides that before accepting an admission by a probationer that he had violated a term of his probation, the court shall inform the probationer of the following:
"(1) The nature of the violation to which an admission is offered;
“(2) The right under section (b) to be represented by counsel;
"(3) The right to testify and to present witnesses and other evidence on probationer's own behalf and to cross-examine adverse witnesses under subsection (d)(1); and
“(4) That, if the alleged violation involves a criminal offense for-which the probationer has not yet been tried, the probationer may still be tried for that offense, and although the probationer may not be required to testify, that any statement made by the probationer at the present proceeding may be used against the probationer at a subsequent proceeding or trial.”